IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2008

BY: JOHN F. CORCORAN CLERK
DEPUTY CLERK

YVONNE REEVES,                        )
                                      )
        Plaintiff,                    )        Civil Action No. 7:08CV00352
                                      )
v.                                    )
                                      )
BUREAU OF ALCOHOL, TOBACCO,           )        **MEMORANDUM OPINION**
FIREARMS AND EXPLOSIVES,              )
                                      )
and                                   )        By:    Hon. Glen E. Conrad
                                      )        United States District Judge
LARRY HALL,                           )
                                      )
        Defendants.                   )

The plaintiff, Yvonne Reeves, proceeding pro se, filed this action against the defendants,

the Bureau of Alcohol, Tobacco, Firearms and Explosives and Larry Hall, for misconduct

connected with the criminal investigation and prosecution that resulted in the conviction of John

Reeves on federal drug charges. The court granted the plaintiff's contemporaneously filed

motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the

complaint filed in this matter, however, the court believes that the action must be dismissed

without prejudice for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for the reasons set forth below.

## BACKGROUND

The plaintiff alleges that defendant Larry Hall testified before a grand jury on February 3,

2004 and stated that John Reeves had sold controlled substances on July 16, 1999. The

complaint states that Hall testified that he learned of this activity from investigators in Carroll

and Grayson counties, however he failed to produce such investigators at a preliminary hearing in John Reeves' case before United States Magistrate Judge Pamela Sargent. The plaintiff also claims that John Reeves was informed by an unidentified federal prosecutor that he would not be prosecuted on federal drug charges if he provided information to law enforcement regarding a state murder investigation. In the complaint, the plaintiff further alleges that Hall informed Melissa Reeves that he knew federal law enforcement officers did not have evidence to convict John Reeves and that John Reeves would not spend any time in jail. The plaintiff also contends that Hall withheld physical evidence related to the state murder investigation. John Reeves was apparently convicted on the federal drug charge. See Criminal Action No. 1:04CR00009.

The plaintiff states that she is now suing defendant Hall for the wrongful conviction of John Reeves. She makes no specific mention of particular misconduct on the part of defendant the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). It is not clear from the complaint whether defendant Hall is an ATF agent, a federal agent employed by another federal agency, or a state law enforcement officer. Although the plaintiff does not specifically identify her cause of action, the court construes her complaint as attempting to assert a cause of action for the deprivation of constitutional rights under either 42 U.S.C. § 1983, if Hall is a state law enforcement officer, or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), if Hall is a federal agent, for the wrongful conviction of John Reeves.

### STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States

2

Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (Rule 12(b)(6)). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

3

## DISCUSSION

After screening this in forma pauperis action pursuant to § 1915(e)(2), the court is

constrained to conclude that the complaint fails to state a claim on which relief may be granted.

First, the court finds that the plaintiff lacks standing to bring this action in the first instance. A

civil rights action under either § 1983 or Bivens, supra, "must be based upon the violation of

plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d

495, 497 (10th Cir. 1990). In this case, the plaintiff is attempting to bring an action for an alleged

violation of the rights of John Reeves, not of her own. Nor has the plaintiff alleged that she is

acting as the valid personal representative of John Reeves. Therefore, the action must be

dismissed on the basis of a lack of proper standing.

Furthermore, the court notes that, even if the plaintiff did have proper standing to bring

this action on behalf of John Reeves, it would be barred by the holding of Heck v. Humphrey,

512 U.S. 477 (1994). In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. The rationale underlying the decision in Heck applies with equal force to

Bivens actions. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54

F.3d 109, 110 (2nd Cir. 1995). The only injury alleged by the plaintiff in the instant case stems

from the conviction of and sentence imposed upon John Reeves. Therefore, a judgment in favor

of the plaintiff would necessarily imply the invalidity of John Reeves' conviction and sentence.

4

See, Bivens, 512 U.S. at 487. Furthermore, the plaintiff has failed to allege that John Reeves'

conviction has been reversed on appeal, expunged by executive order or called into question by

an issuance of a writ of habeas corpus. Therefore, to the extent that the plaintiff's complaint can

be construed as one requesting damages, it must be dismissed under Heck.

In this case, however, the complaint is not precisely clear as to what specific relief the

plaintiff is seeking in this case. If the plaintiff does not seek damages as a result of John Reeves'

allegedly wrongful conviction, but John Reeves' immediate release from prison, the proper

remedy would be the filing of a petition for habeas corpus pursuant to 28 U.S.C. § 2255, not a

civil action under § 1983 or Bivens. The only person who may properly bring an action under §

2255, however, is the actual prisoner in custody. See 28 U.S.C. § 2255 ("A prisoner in custody

under sentence of a court established by Act of Congress claiming the right to be released upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States . . . may move the court which imposed the sentence to vacate, set aside or correct the

sentence"). Therefore, the plaintiff would also lack standing to bring an action under § 2255

based upon the allegedly wrongful conviction of John Reeves.[1]

## CONCLUSION

For the foregoing reasons, the court finds that the instant action must be dismissed for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal shall be without

prejudice.

---

[1] In addition, any petition under § 2255 must be filed within one year from the date on which the judgment of conviction became final or the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Depending upon the date John Reeves' conviction became final, which is not stated in the complaint, a § 2255 action might be time barred.

5

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER:     This 31st day of July, 2008.

United States District Judge

6